[No. 8606.]

## BARNARD v. CORLETT.

1. REPLEVIN—*Valuation of Goods—Time Of.* When neither fraud, malice, or wilful wrong in the taking or detention of the goods is alleged, the measure of damages is the value of the goods at the time of the taking, or illegal detention. (228.)

When this date is established, without controversy, the court may instruct the jury to assess the value as of that date. (228.)

2. ——*Practice—Verdict—Judgment.* Where the goods in question have been consumed by defendant and therefore cannot possibly be delivered, it is proper to accept a finding of *guilty*, assessing the value. To require an alternative judgment under sec. 246 of the code would be a useless formality. (229.)

*Error to Teller County Court.* Hon. DANIEL A. FER-GUSON, Judge.

Mr. ROBERT GRAHAM, for plaintiff in error.

No appearance for defendant in error.

Mr. JUSTICE GARRIGUES delivered the opinion of the court.

Action in replevin. Judgment for plaintiff. Defendant brings the case here on error.

Corlett, defendant in error, who was plaintiff below, became the owner by purchase from one Bastian, of 13½ tons of hay, which is the subject of this controversy. Thereafter Barnard, plaintiff in error, through some supposed right which he thought at the time he had, took possession of and baled the hay. Corlett then sued out, in the justice court, a writ of replevin under which an officer took possession of the hay; but, upon the giving within time of the statutory bond, redelivered it to Barnard who fed it to his stock. On the trial in the justice court Barnard offered to let judgment enter against him for $135.00, which offer was rejected and plaintiff recovered judgment for $270.00. On appeal to the County Court, Barnard renewed his offer which was again rejected. In the County Court the jury, instead of finding the issues in favor of plaintiff, and fixing the value of the property, returned a general verdict in his favor and assessed his damages at $270.00. Upon this verdict the court entered judgment in which it fixed the value of the hay at $20.00 a ton.

The principal points upon which plaintiff in error seems to rely for a reversal, is the action of the court in instructing the jury that they should fix the value of the property taken as of January 20, 1914, the date of its detention by defendant, when the writ was served; and the form of verdict returned by the jury.

It is urged that the time at which the value of the property should be fixed is a question of fact for the jury. This is not the law. In actions for taking and detaining personal property, where no question of fraud, malice, oppression, or willful wrong either in the taking or detention, intervenes, the measure of damages is the value of the property at the time of the taking, or the conversion, or illegal detention; and this is a rule of law to be decided by the court. Wells on Replevin, (2nd Ed.), sec. 546.

Barnard did not permit plaintiff to retain possession of the property under the writ served January 20, 1914; but gave a redelivery bond, retained possession, and by feeding the hay to his stock so converted it to his own use that it was impossible thereafter to make a redelivery, and the only question on the trial was the value of the hay at the time of the conversion. Under the circumstances of this case, it was not improper for the court to instruct the jury to find the value as of that date.

The court sent out with the jury two forms of verdict: one finding generally for the plaintiff, leaving the amount of damages blank to be filled in by the jury; the other finding the issues generally for defendant. The jury returned a verdict for plaintiff and assessed his damages at $270.00. It is urged this was error; that the verdict should have been in conformity with the provisions of section 220 of the Code, and that instead of assessing damages, the jury should only have fixed the value of the property, and that the judgment should have been in the alternative in conformity with section 246 of the Code. If this was error, it in no manner prejudiced any right of the defendant. There was but one question to determine under the facts of the case, which was the value of the hay at the time of the conversion. No special damages were alleged or sought to be recovered. All the jury did in fact was to find the issues for plaintiff

and fix the value of the property. Defendant admitted the taking, and offered to pay $10.00 a ton for the hay, which plaintiff claimed to be of the value of $20.00 a ton. Defendant further admitted that the hay did not belong to him, and testified that he either had to feed it to his stock, or pay $20.00 a ton for another supply of similar quality to take its place. In other words, he admitted that at the time of the conversion the value of the hay was $20.00 a ton, and under no possible construction of the evidence could the jury have properly have fixed it at less. The property being no longer in existence could not be redelivered, and to have entered an alternative judgment would have been a useless formality. The verdict and judgment are unquestionably just and in the proper amount and we must decline to reverse the case on a purely technical error which in no way affects the merits of the controversy. The judgment is affirmed.

*Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE SCOTT concur.

Decided October 2, A. D. 1916. Rehearing denied December 4, A. D. 1916.